UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TIFFANY LAWSON,                                                                    Case Number:

                        Plaintiff,

       -v-                                                                                         **COMPLAINT WITH**
                                                                                          **JURY DEMAND**

MITCHELL & TITUS LLP, FREDERICK E.
DAVIS, JR., and IRENE DAVIS,

                        Defendants.
------------------------------------------------------------------------X

Plaintiff, TIFFANY LAWSON ("Ms. Lawson" or "Plaintiff"), by and through her attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for her Complaint against MITCHELL & TITUS LLP ("Mitchell Titus" or the "Company"), FREDERICK E. DAVIS, JR. ("Frederick Davis") and IRENE DAVIS ("Irene Davis") (together as "Defendants") hereby alleges as follows upon information and belief:

## *NATURE OF CASE*

1.     This is action is brought pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* as amended by the Pregnancy Discrimination Act of 1978 and the Civil Rights Act of 1991 ("Title VII"), the New York State Human Rights Law, New York Exec. Law § 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York, as amended, including The Local Civil Rights Restoration Act, effective October 3, 2005, as well as Local Laws 1, 34, 35, 36, 37, 38, and 40 of 2016 ("NYCHRL"), and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiff alleges that she was discriminated against and untimely terminated due to her pregnancy and/or her familial status.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves statutes of the United States, specifically, Title VII. Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the New York causes of action which form other bases for recovery upon the same factual nexus, specifically Plaintiff's NYSHRL and NYCHRL claims.

4. Venue is based upon 28 U.S.C. § 1391(b)(2), insofar as all of the events giving rise to the within causes of action occurred in this Judicial District.

## JURISDICTION AND VENUE

5. Prior to the filing of this lawsuit, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Company for its violations of Title VII.

6. Plaintiff has received a Notice of Right to Sue from the EEOC on or about June 2, 2021.

7. This Complaint has been filed within 90 days of receiving a Notice of Right to Sue from the EEOC.

8. Plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(c).

9. Any and all prerequisites to the filing of this suit have been met.

## THE PARTIES

10. At all times herein pertinent, Plaintiff was an "employee" of the Company, within the meaning of Title VII, 42 U.S.C. §2000e(f), NYSHRL, N.Y. Exec Law §292(6), and the NYCHRL, N.Y.C. Admin. Code § 101 *et seq*.

11. At all times herein pertinent, Plaintiff was a "person" within the meaning of Title VII, 42 U.S.C. §2000e(a), the NYSHRL, N.Y. Exec Law §292(1), and NYCHRL, N.Y.C. Admin. Code § 102(1).

12. The Company was and is a domestic limited liability partnership created under the laws of the state of New York.

13. The Company has a principal place of business located at 80 Pine Street, 32nd Floor, New York, NY 10005.

14. The Company was and is an "employer" as the term is defined in Title VII, 42 U.S.C. §2000e(b) and had fifteen (15) or more persons in its employ at all times herein pertinent.

15. At all times herein pertinent, the Company was and is an "employer" as it is defined in N.Y. Exec Law §292(5) and in the NYCHRL, N.Y.C. Admin. Code § 102(5) and had four (4) or more persons in its employ at all times herein pertinent.

16. At all times herein pertinent, Defendant Frederick Davis was and is a resident of the State of New York.

17. At all times herein pertinent, Defendant Frederick Davis, as the Partner in charge of tax services at Mitchell Titus, had supervisory authority over the Plaintiff.

18. As such, Frederick Davis had the authority to hire, fire, discipline, supervise, and direct the Plaintiff, and administer the terms, conditions and privileges of her employment.

19. Defendant Frederick Davis was an employer of Ms. Lawson within the meaning of the NYSHRL and NYCHRL.

20. Upon information and belief, Defendant Frederick Davis has, and at all times herein pertinent, had his actual place of business at 80 Pine Street, 32nd Floor, New York, NY 10005.

21. As stated in more detail below, Defendant Frederick Davis actually participated in the conduct giving rise to the claims of discrimination alleged herein and is liable as an aider and abettor of unlawful conduct.

22. At all times herein pertinent, Defendant Irene Davis was and is a resident of the State of New York.

23. At all times herein pertinent, Defendant Irene Davis, as a Partner at Mitchell Titus, had supervisory authority over the Plaintiff.

24. As such, Irene Davis had the authority to hire, fire, discipline, supervise, and direct the Plaintiff, and administer the terms, conditions and privileges of her employment.

25. Defendant Irene Davis was an employer of Ms. Lawson within the meaning of the NYSHRL and NYCHRL.

26. Upon information and belief, Defendant Irene Davis has, and at all times herein pertinent, had his actual place of business at 80 Pine Street, 32nd Floor, New York, NY 10005.

27. As stated in more detail below, Defendant Irene Davis actually participated in the conduct giving rise to the claims of discrimination alleged herein and is liable as an aider and abettor of unlawful conduct.

## *MATERIAL FACTS*

28. According to its website, "Mitchell Titus is the largest minority-controlled accounting firm providing excellence in Assurance, Tax and Advisory." *See* http://www.mitchelltitus.com/.

29. Upon information and belief, all corporate decisions regarding the Plaintiff's employment including, but not limited to hiring, firing, paying, and administering the terms, conditions and privileges of Plaintiff's employment were made at 80 Pine Street, 32nd Floor, New York, NY 10005.

30. Ms. Lawson began her employment with the Defendants on July 1, 2019 as a Human Resources Director.

31. As the Human Resources Director, Ms. Lawson was responsible for overall employee engagement and developing, implementing and ensuring employee compliance with the Company's workplace policies.

32. Throughout her employment with the Defendant, Plaintiff was a dedicated and hardworking employee, serving the Defendant faithfully in her position.

33. Prior to the events outlined below, Ms. Lawson received praise and positive reviews from supervisors and colleagues alike.

34. Due to her exemplary work history, and before the events outlined below, Ms. Lawson was never written up, reprimanded, or disciplined by the Defendants in any way.

35. Almost as soon as she began working for the Defendants in July 2019, Ms. Lawson raised her voice to the plight of pregnant women and new mothers at the Company. Specifically, in July 2019, Ms. Lawson explained to the Defendants that the did not have rooms which complied with Federal, State and Local laws concerning facilities for new mothers to pump breast milk.

After the Defendants chastised Ms. Lawson for bringing the issue to their attention, they relented and created a room in their offices which could be used by new mothers to pump breast milk. The Defendants only allowed this room to exist if the room could be a multi-purpose room for other non-pregnant employees to use as well.

36. On or about March 2020, Ms. Lawson informed Defendants that she was having issues finding childcare for her children. Specifically, she informed the Defendants that due to school closures from the COVID-19 pandemic she could not find adequate childcare for her children and requested to be able to work from home. As Defendants' offices were closed due to the pandemic, Ms. Lawson's request was approved, however Defendant Frederick Davis chastised Ms. Lawson in his office for making this request.

37. On or about June 16, 2020, Plaintiff informed the Defendants that she was pregnant.

38. In the ensuing days and weeks, Ms. Lawson went to medical appointments relating to her pregnancy.

39. A few days after informing Defendants that she was pregnant, the Defendants labeled her an essential worker requiring her to go into the Defendants' offices and severely limiting her ability to work from home during the height of the COVID-19 pandemic, even though the Defendants permitted other non-pregnant employees to work remotely.

40. Moreover, from on or about June 19, 2020 through on or about June 22, 2020, Ms. Lawson followed up with the Defendants requesting information concerning whether the office was cleaned per CDC guidelines. During these conversations, Ms. Lawson explained that she was requesting this information due her to her pregnancy and because one of Defendants' consultants who was working at Defendants' offices had been diagnosed with COVID-19.

41. The next week, Ms. Lawson informed the Defendants of a doctor's appointment she had the following week.

42. On or about June 30, 2020, Ms. Lawson had a medical appointment. During this appointment, wherein she was receiving an ultrasound, Defendants relentlessly called her despite knowing that Ms. Lawson was at a medical appointment.

43. Plaintiff promptly followed up with the Defendants and resolved all outstanding issues. After resolving these outstanding issues, Defendant Frederick Davis informed Ms. Lawson that he was very upset with her having a medical appointment and that he did not care about her pregnancy issues.

44. On or about July 1, 2020, Ms. Lawson informed the Defendants that summer camps were cancelled due to the pandemic and that she would be requesting to work from home during the summer due to chile care issues.

45. On or about the week of July 1, 2020, Ms. Lawson followed up about her concerns with the Defendants' failure to clean their office per CDC guidelines. During these conversations, Ms. Lawson reiterated her pregnancy status and informed the Defendants that she had a follow up medical appointment on July 14, 2020.

46. Moreover, on or about July 1, 2020, Ms. Lawson informed Defendants the lactation rooms in their Chicago office were not compliant with Federal, State, or Local Laws. She further stated that they would have to rectify the issue with their lactation rooms.

47. On July 9, 2020 - one week after informing the Company of her upcoming medical appointment - Ms. Lawson was abruptly terminated.

48. Ms. Lawson was terminated without cause.

49. The Defendant terminated Plaintiff's employment due to her pregnancy.

50. Ms. Lawson was terminated due to her familial status.

51. Upon information and belief, Defendants replaced Plaintiff with someone outside of her protected class(es).

52. Upon information and belief, Defendants replaced Plaintiff with someone who was not pregnant.

53. Upon information and belief, Defendants replaced Plaintiff with someone who did not have childcare issues.

54. Defendants have treated Plaintiff unequally and les swell than other employees because of her pregnancy and/or familial status in violation of the NYSHRL.

55. Defendant treated Plaintiff unequally, and "less well" than other employees because of her pregnancy, in violation of NYCHRL.

56. Employees outside Plaintiff's protected class were treated more favorably than Plaintiff.

### *FIRST CLAIM FOR RELEF AGAINST THE ENTITY DEFENDANT*
*Discrimination under the Title VII of the Civil Rights Act of 1964, as Amended*

57. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

58. The Entity Defendant has discriminated against Plaintiff in violation of Title VII by terminating Plaintiff because of her pregnancy, and permeating, enabling, and encouraging its agents to engage in such behavior.

59. The Entity Defendant has discriminated against Plaintiff on the basis of her sex and pregnancy in violation of Title VII by denying her equal terms and conditions of employment,

including, but not limited to, unlawfully terminating Plaintiff's employment and denying her the opportunity to work in an employment setting free of unlawful discrimination.

60. Defendant's conduct was deliberate, willful, malicious, reckless and conducted in a callous disregard of the rights of the Plaintiff, entitling her to punitive damages.

61. As a result of Defendant's conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings, benefits, employment opportunities, other financial loss and non-economic damages.

62. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of Title VII.

### *SECOND CLAIM FOR RELEF AGAINST DEFENDANTS*
*Discrimination under the NYSHRL*

63. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

64. The New York State Human Rights Law Provides that it shall be an unlawful discriminatory practice:

> For an employer… because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, or marital status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

65. Defendants discriminated against Plaintiff on the basis of Plaintiff's pregnancy in violation of NYSHRL.

66. Defendants discriminated against Plaintiff on the basis of Plaintiff's familial status in violation of NYSHRL.


67. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section NYSHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

68. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

69. Defendants have acted with malice or reckless indifference to the Plaintiff.

### *THIRD CLAIM FOR RELEF AGAINST DEFENDANTS*
*Aiding and Abetting under the NYSHRL*

70. Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

71. The New York State Human Rights Law provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

72. Defendants violated the section cited herein by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

### *FOURTH CLAIM FOR RELEF AGAINST DEFENDANTS*
*Discrimination Under the NYCHRL*

73. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74. The New York City Human Rights Law provides it shall be unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person (1) To represent that any employment or position is not available when in fact it is available; (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

75. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(l)(a) by discriminating against Plaintiff based upon their pregnancy.

76. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8 §8-107(l)(a) by discriminating against Plaintiff based upon their familial status.

77. As a result of Defendants' conduct alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including, but not limited to, lost earnings, benefits, employment opportunities, other financial loss and non-economic damages.

78. By reason of Defendants' discrimination, Plaintiff is entitled to all remedies available for violations of NYCHRL.

### *FIFTH CLAIM FOR RELEF AGAINST DEFENDANTS*
*Aiding and Abetting Under NYCHRL*

79. Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

80. The New York City Administrative Code Title 8 §8-107(6) provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

81. Defendants violated the section cited herein by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

### *SIXTH CLAIM FOR RELEF AGAINST DEFENDANTS*
*Employer Liability Under NYCHRL*

82. The Plaintiff repeats, reiterates, and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

83. The New York City Administrative Code Title 8 §8-107(13) provides:

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   (1) the employee or agent exercised managerial or supervisory responsibility; or

   (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

84. Due to the above provision, the entity defendant is liable under the NYCHRL.

## **_REMEDY_**

**WHEREFORE**, Plaintiff requests a judgment against the Defendant:

a. Declaring that the Defendants have violated the aforementioned statutes;

b. Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, diminution in Plaintiff's prospective social security benefits which will be computed over the Plaintiff's prospective statistical life expectancy, and all other benefits the Plaintiff would have expected to earn during the Plaintiff's lifetime had it not been for Defendant's unlawful discrimination;

c. Awarding damages to the Plaintiff to make the Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

d. Awarding statutory penalties;

e. Awarding Plaintiff compensatory damages for mental and emotional distress, pain and suffering in an amount to be proven at trial;

f. Awarding Plaintiff punitive damages;

g. Awarding Plaintiff attorneys' fees and costs and expenses incurred in the prosecution of the action;

h. Awarding pre- and post-judgment interest;

i. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
June 2, 2021

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
Amit Kumar, Esq.
*Attorneys for Plaintiff*
108 West 39th Street, Ste. 602
New York, New York 10018
(212) 583-7400
Akumar@CafaroEsq.com